131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jaime Kainoa KALUNA, Petitioner-Appellant,
v.
George IRANON, Director of Public Safety, State of Hawaii,
Respondent-Appellee.
 No. 97-15401.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997.**
Filed Nov. 20, 1997.
 
 Appeal from the United States District Court for the District of Hawaii, D.C. No. CV-95-01062-ACK; Alan C. Kay, Chief Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hawaii state prisoner Jaime Kainoa Kaluna appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Kaluna contends that his retrial is barred by the Double Jeopardy Clause. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo both the denial of a habeas petition and an alleged double jeopardy violation, see Weston v. Kernan, 50 F.3d 633, 636 (9th Cir.1995), and we affirm.
 
 
 3
 Kaluna contends that the Double Jeopardy Clause bars his retrial because the trial court declared a mistrial over his objection and without the requisite showing of manifest necessity. See Arizona v. Washington, 434 U.S. 497, 505 (1978); Thomas v. Municipal Court of Antelope Valley Jud. Dist. of Cal., 878 F.2d 285, 287 (9th Cir.1989). Rather than declaring a mistrial, Kaluna argues, the trial court should have given the jury an Allen instruction[1] or allowed the jury to continue deliberating. These contentions are meritless.
 
 A. Background
 
 4
 Kaluna's trial lasted approximately four days. The jury deliberated almost five days. On the third day of deliberations, the jury informed the trial court that it was deadlocked. Kaluna requested that the court give the Ninth Circuit model criminal jury instruction regarding deadlocked juries. The court gave the instruction, and the jury resumed deliberations. Two days later, observing that the jury was possibly having difficulty reaching a verdict, the court polled the jurors individually. Nine jurors reported that no verdict was possible if deliberations continued, while three jurors disagreed. Kaluna asked the to court give an Allen instruction or allow the jury to continue deliberating. The court denied the request, finding that the instruction would have a coercive effect on the jury and that the jury would not benefit from further deliberations. Thus, the court found the jury was deadlocked and, over Kaluna's objection, declared a mistrial.
 
 B. Allen Instruction
 
 5
 Kaluna argues that, as a matter of federal constitutional law, he was entitled to an Allen instruction. Hawaii prohibits the use of Allen instructions. See State v. Fajardo, 699 P.2d 20, 23-25 (Haw.1985); see also State v. Villeza, 817 P.2d 1054, 1058 (Haw.1991) (reversible error to give instruction which creates coercive environment incapable of supporting meaningful verdict). In Fajardo, 699 P.2d at 21, the defendant objected to the use of an Allen instruction and requested a mistrial.
 
 
 6
 Kaluna argues that to protect his double jeopardy rights, an Allen instruction is constitutionally required when a jury does not unanimously agree that it is deadlocked and a defendant expressly requests the instruction. Kaluna, however, has not cited, nor are we aware of, any case so holding. We decline to announce such a rule, particularly given that the trial court earlier gave a modified Allen instruction earlier and found that giving an Allen instruction would have a coercive effect on the jury. Cf. United States v. See, 505 F.2d 845, 854 (9th Cir.1974) (holding that district court did not abuse discretion by refusing to give Allen instruction where court determined instruction would have coercive impact on jury).
 
 C. Continued Deliberations
 
 7
 Kaluna also contends that the trial court erred by finding that the jury was deadlocked. The trial court's decision to declare a mistrial is reviewed for an abuse of discretion. See Weston, 50 F.3d at 638; Arnold v. McCarthy, 566 F.2d 1377, 1386 (9th Cir.1978). "[T]he paradigm example of 'manifast necessity' ... occurs when the jury cannot reach a verdict." Arnold, 566 F.2d at 1386. In exercising its discretion to declare a mistrial based on a deadlocked jury, the court must assess a number of factors. See id.
 
 
 8
 Those factors include the jury's opinion that it cannot agree, the length and complexity of the trial, the length of the jury's deliberations, whether the defendant timely objected to a mistrial, any proper communications between the court and the jury, and the effects of exhaustion or coercion on the jury. See id. at 1387. "The most critical factor is the jury's own statement that it was unable to reach a verdict"; in such a case, the court must ask the jury if further deliberations could break the deadlock. See id. at 1386-87. The court need not question the jury as a whole, however, but can question the jurors individually or as a group. See id. at 1387.
 
 
 9
 Under the circumstances, we conclude that the trial court did not abuse its discretion by finding that the jury was deadlocked. Notably, the jury deliberated longer than the trial lasted. In addition, the jury had already deadlocked once, and the court had instructed the jury to continue its deliberations in an effort to reach an unanimous verdict. Most important, when the court polled the jurors two days later, nine jurors stated that further deliberations would not produce a verdict. Even though Kaluna timely objected to a mistrial and assuming the trial was complex, we cannot say that the trial court abused its discretion by declaring a mistrial based on manifest necessity. See id. at 1387-88. Accordingly, the district court properly denied Kaluna's habeas petition. See Kernan, 50 F.3d at 636.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Allen v. United States, 164 U.S. 492 (1896)